Slade R. Metcalf (SM 8360)
Rachel F. Strom (RS 9666)
Hogan & Hartson LLP
875 Third Avenue
New York, NY  10022
Telephone: (212) 918-3000

*Attorneys for Defendant*
*Dow Jones & Company, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
BRETT MCKENZIE,                                          :
                                                         :
                        Plaintiff,                       :
                                                         :    Case No. 08 CV 3623 (SAS)
        – against –                                      :
                                                         :
DOW JONES & COMPANY, INC.,                               :
                                                         :
                        Defendant.                       :
-----------------------------------------------------------------------X


**MEMORANDUM OF LAW OF DOW JONES & COMPANY, INC.
<u>IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT</u>**

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ............................................................................................................ ii

Preliminary Statement......................................................................................................................1

Factual Background .........................................................................................................................1

      A.  The Parties.................................................................................................................1

      B.  The Column And The Complaint..............................................................................2

ARGUMENT....................................................................................................................................2

I.  THE STANDARD ON A MOTION TO DISMISS ....................................................................2

II.  THIS COURT SHOULD DISMISS PLAINTIFF'S *PRIMA FACIE* TORT
     CLAIM BECAUSE IT IS TIME BARRED ...............................................................................3

III.  THIS COURT SHOULD ALSO DISMISS PLAINTIFF'S *PRIMA FACIE*
      TORT CLAIM BECAUSE IT FAILS ON THE MERITS........................................................7

      A.  New York's Substantive *Prima Facie* Tort Law Applies ...............................................7

      B.  Dow Jones Did Not Publish The Column With The Sole Intent To
          Harm Plaintiff ............................................................................................................8

      C.  Plaintiff Has Not Alleged Special Damages ................................................................9

CONCLUSION................................................................................................................................11

\\\NY - 031767/000001 - 1081903 v3

## TABLE OF AUTHORITIES

**Page**

**Federal Cases**

*Bose Corp. v. Consumers Union of United States, Inc.*,
   466 U.S. 485 (1984)..................................................................................................3

*Bradley v. National R.R. Passenger Corp. ("Amtrak")*,
   797 F. Supp. 286 (S.D.N.Y. 1992)...........................................................................10

*Cerasani v. Sony Corp.*,
   991 F. Supp. 343 (S.D.N.Y. 1998).........................................................................2, 3

*Church of Scientology, Int'l v. Time Warner, Inc.*,
   903 F. Supp. 637 (S.D.N.Y. 1995), *aff'd*, 238 F.3d 168 (2001)................................3

*Davis v. City of New York,*
   No. 00 CIV 4309 (SAS), 2000 WL 1877045 (S.D.N.Y. Dec. 27, 2000).................9

*Fabry v. Meridian Vat Reclaim, Inc.,*
   Nos. 99 Civ. 5149 (NRB), 99 Civ. 5150 (NRB), 2000 WL 1515182
   (S.D.N.Y. Oct. 11, 2000) ...........................................................................................8

*Guidi v. Inter-Continental Hotels Corp.,*
   No. 95 Civ 9006, 2003 WL 1907901 (S.D.N.Y. Apr. 16, 2003)..............................7

*Hunt v. Enzo Biochem, Inc.*,
   471 F. Supp. 2d 390 (S.D.N.Y. 2006)......................................................................4

*Kelber v. Forest Elec. Corp.*,
   799 F. Supp. 326 (S.D.N.Y. 1992)...........................................................................5

*Korry v. Int'l Tel. & Tel. Corp.*,
   444 F. Supp. 193 (S.D.N.Y. 1978)...........................................................................9

*M & I Equip. Fin. Co. v. Lewis County Dairy Corp.,*
   No. 7:06-CV-54, 2007 WL 128879 (N.D.N.Y. Jan. 11, 2007).................................7

*Mahmud v. Kaufmann*,
   454 F. Supp. 2d 150 (S.D.N.Y. 2006)......................................................................4

*Mullenmeister v. Snap-On Tools Corp.*,
   587 F. Supp. 868 (S.D.N.Y. 1984).........................................................................10

*New York Times Co. v. Sullivan*,
     376 U.S. 254 (1964)…………………………………………….……………....3

*Oliver v. The Village Voice, Inc.*,
    417 F. Supp. 235 (S.D.N.Y. 1976)...............................................................................3

*Spitzer v. Shanley Corp.*,
    151 F.R.D. 264 (S.D.N.Y. 1993) .................................................................................4

*Thomas v. Bergdorf Goodman, Inc.*,
    03 Civ. 3066 (SAS), 2004 WL 2979960 (S.D.N.Y. Dec. 22, 2004)..........................4

*Twin Labs., Inc. v. Weider Health & Fitness*,
    900 F.2d 566 (2d Cir. 1990)........................................................................................8

*White v. Ransmeier & Spellman*,
    950 F. Supp. 39 (D.N.H. 1996)..........................................................................4, 7, 8

*Yurman Design Inc. v. Chaindom Enters., Inc.*,
    No. 99 Civ. 9307 (JFK), 2000 WL 897141 (S.D.N.Y. July 5, 2000) ........................3

**State Cases**

*Barrett v. Huff*,
    6 A.D.3d 1164, 776 N.Y.S.2d 678 (4th Dep't 2004)..................................................5

*Freihofer v. Hearst Corp.*,
    65 N.Y.2d 135, 490 N.Y.S.2d 735 (1985) ..................................................................9

*Havell v. Islam*,
    292 A.D.2d 210, 739 N.Y.S.2d 371 (1st Dep't 2002) ...............................................5

*Kartiganer Assocs., P. C. v. Town of Newburgh*,
    57 A.D.2d 857, 394 N.Y.S.2d 262 (2d Dep't 1977)..................................................6

*Marine Midland Bank v. Renck*,
    208 A.D.2d 688, 617 N.Y.S.2d 507 (2d Dep't 2004)................................................5

*Russek v. Dag Media Inc.*,
    47 A.D.3d 457, 851 N.Y.S.2d 399 (1st Dep't 2008) ..............................................4, 5

*Waste Distillation Tech., Inc. v. Blasland & Bouck Eng'rs, P.C.*,
    136 A.D.2d 633, 523 N.Y.S.2d 875 (2d Dep't 1988).........................................9, 10

*Yong Wen Mo v. Gee Ming Chan*,
    17 A.D.3d 356, 792 N.Y.S.2d 589 (2d Dep't 2005)..................................................5

\\\NY - 031767/000001 - 1081903 v3

**Federal Statutes/Rules**

Federal Rules of Civil Procedure Rule 12(b)(6) ......................................................................1, 2, 9

**State Statutes/Rules**

New York Civil Practice Law and Rules § 202 ..............................................................................4

New York Civil Practice Law and Rules § 214 ..............................................................................5

New York Civil Practice Law and Rules § 215(3) ..................................................................4, 5, 6

iv

Defendant Dow Jones & Company, Inc. ("Dow Jones" or "Defendant"), by its undersigned attorneys, respectfully submits this memorandum of law in support of its motion to dismiss the complaint (the "Complaint") of plaintiff Brett McKenzie ("Plaintiff") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").[1]

**Preliminary Statement**

Plaintiff claims that as a youth in a parochial school in New Hampshire he was sexually assaulted by a Catholic priest named Father Gordon MacRae. Many years later, he (along with others) sued the Diocese of Manchester, New Hampshire in a court proceeding claiming to be emotionally damaged by the conduct of Father MacRae. In April 2005, Defendant's newspaper *The Wall Street Journal* published a column commenting on the allegations of sexual abuse leveled against Father MacRae by several individuals, including Plaintiff. Plaintiff now brings this action seeking damages for the admittedly truthful discussion in the column and sets forth a single cause of action for *prima facie* tort -- one of the most unusual and difficult tort claims to prove. But Plaintiff has two primary (and indeed prohibitive) problems with his complaint: (1) he waited too long to bring this claim (and thus he is barred by the applicable statute of limitations); and (2) he has not and cannot set forth the requisite elements to establish a claim for *prima facie* tort. Accordingly, the Complaint should be dismissed.

**Factual Background**

**A.   The Parties**

Plaintiff is, according to his Complaint, a resident of the State of New Hampshire. Complaint ¶ 11. (A true and correct copy of the Complaint is annexed as Exhibit A to the Metcalf Decl.). Defendant Dow Jones is a corporation incorporated under the laws of the State

---

[1] The facts necessary for the determination of this motion are set forth in the accompanying declaration of Slade R. Metcalf ("Metcalf Decl."), sworn to the 21st day of May, 2008, and the exhibit annexed thereto.

of Delaware, with its principal place of business in New York. *Id.* ¶ 12. Dow Jones is the owner and publisher of *The Wall Street Journal* (the "*WSJ*"), a daily newspaper that is distributed nationally. *Id.* ¶ 14.

**B.      The Column And The Complaint**

On April 27, 2005, Dow Jones published a column entitled, "A Priest's Story" (the "Column") in the *WSJ*. *Id.* ¶ 16. The Column, written by *WSJ* editorial board member Dorothy Rabinowitz ("Rabinowitz"), contained Rabinowitz's opinion about a sexual abuse case brought by Plaintiff and others against Father Gordon MacRae. *Id.* ¶¶ 16-18. (A true and correct copy of the Column is annexed to the Complaint). The Column commented on the treatment Father MacRae received from the police department in Keene, New Hampshire and from the Diocese of Manchester in the face of numerous allegations of sexual abuse. *See* Column *generally*.

On April 15, 2008, nearly three years after Dow Jones published the Column, Plaintiff filed his Complaint in this action. Metcalf Decl. ¶ 1. The Complaint asserts a single cause of action for *prima facie* tort arising out of Dow Jones' publication of the Column. Complaint ¶¶ 16, 22-27, 39, 45, 51, 53, 57, 58, p. 14. As a result of the publication of the Column and the Column's identification of Plaintiff as a "likely victim of abuse at the hands of a priest," Plaintiff alleges that he "suffered great mental pain," "suffered from anxiety," and that he "saw a doctor [and] incurred medical bills." *Id.* p. 14, ¶¶ 58-62, 65-66. Accordingly, he seeks compensatory, exemplary and punitive damages in the total amount of $7,700,000. *Id.* ¶ 69.

## ARGUMENT

### I.
### THE STANDARD ON A MOTION TO DISMISS

When evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, a court "must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Cerasani v. Sony Corp.*, 991 F. Supp.

2

343, 350, 357 (S.D.N.Y. 1998). To survive a motion to dismiss, "the complaint must contain allegations concerning each of the material elements necessary to sustain recovery under a viable legal theory." *Yurman Design Inc. v. Chaindom Enters., Inc.*, No. 99 Civ. 9307 (JFK), 2000 WL 897141, at *4 (S.D.N.Y. July 5, 2000). In addition, because this case unquestionably implicates Dow Jones' First Amendment right to communicate an expressive message, this Court must "consider this case against the background of a profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open and that it may well include vehement, caustic, and sometimes sharp attacks." *Church of Scientology, Int'l v. Time Warner, Inc.*, 903 F. Supp. 637, 640-41 (S.D.N.Y. 1995) (quoting *New York Times Co. v. Sullivan*, 376 U.S. 254, 270 (1964)), *aff'd*, 238 F.3d 168 (2001). *See also Bose Corp. v. Consumers Union of United States, Inc.*, 466 U.S. 485, 511 (1984) (judges "must exercise … review in order to preserve the precious liberties established and ordained in the Constitution"). In particular, this Court should be mindful of the chilling effect that prolonged litigation might have on Dow Jones' ability to exercise its free speech rights. *Oliver v. The Village Voice, Inc.*, 417 F. Supp. 235, 237 (S.D.N.Y. 1976) (the court has a "special responsibility here to determine if there exists a genuine dispute because of the danger that speech may be chilled by the mere fact of the litigation").

## II.
## THIS COURT SHOULD DISMISS PLAINTIFF'S *PRIMA FACIE* TORT CLAIM BECAUSE IT IS TIME BARRED

This Court should dismiss Plaintiff's Complaint in its entirety because Plaintiff's sole cause of action for *prima facie* tort is barred by New York's one-year statute of limitations.

As a preliminary matter, this Court should apply New York's statute of limitations to Plaintiff's *prima facie* tort claim. In a diversity action (as here), federal courts in New York apply New York choice of law rules to determine which state's statute of limitations to apply.

3

*See Hunt v. Enzo Biochem, Inc.*, 471 F. Supp. 2d 390, 399 (S.D.N.Y. 2006) (Scheindlin, J.). Under New York law, in cases "where a non-resident plaintiff sues based upon a cause of action that accrued outside New York," New York federal courts apply Section 202 of the New York Civil Practice Law and Rules ("CPLR") (the "Borrowing Statute"). *Id.* Under the Borrowing Statute, "the court must apply the *shorter limitations period* of either New York or the state where the cause of action accrued." *Id.* (emphasis added). *See also Spitzer v. Shanley Corp.*, 151 F.R.D. 264, 266 (S.D.N.Y. 1993) (in a diversity action, applying the Borrowing Statute to bar plaintiff's *prima facie* tort claim pursuant to New York's one-year statute of limitations). "New York courts interpreting the borrowing statute hold that the cause of action accrues in the place of the injury." *Hunt,* 471 F. Supp. 2d at 399.

In this case, the only potentially applicable states where the place of injury occurred would be New York (where the Column was prepared and published and where Dow Jones is located) or New Hampshire (where Plaintiff resides). *See* Complaint ¶¶ 1, 6, 41, 46-48, 58-69. New Hampshire, however, does not recognize a claim for *prima facie* tort. *See White v. Ransmeier & Spellman*, 950 F. Supp. 39, 42 (D.N.H. 1996). Accordingly, this Court should apply New York's statute of limitations to Plaintiff's *prima facie* tort claim.

As this very Court has previously recognized, under New York law, "[a]s with intentional infliction of emotional distress, the statute of limitations for *prima facie* tort is one year." *Thomas v. Bergdorf Goodman, Inc.*, 03 Civ. 3066 (SAS), 2004 WL 2979960, at *12 (S.D.N.Y. Dec. 22, 2004) (Scheindlin, J.). *See also Mahmud v. Kaufmann*, 454 F. Supp. 2d 150, 163 (S.D.N.Y. 2006) ("An action for *prima facie* tort is governed by the one-year statute of limitations for intentional torts under New York law") (citing CPLR § 215(3) (providing a one-year statute of limitations for intentional torts such as libel)); *Russek v. Dag Media Inc.*, 47

4

A.D.3d 457, 458, 851 N.Y.S.2d 399, 400 (1st Dep't 2008) ("a cause of action for *prima facie* tort is governed by a one-year statute of limitations").

Plaintiff may point this Court to cases such as *Marine Midland Bank v. Renck*, 208 A.D.2d 688, 617 N.Y.S.2d 507 (2d Dep't 2004), which have applied a three-year statute of limitations pursuant to CPLR § 214 (the three-year statute of limitations applicable to general personal injury or property damage actions and certain business claims).  However, in cases applying a three-year statute of limitations, the events giving rise to the *prima facie* tort claim were purely in a commercial context.  Indeed, as these cases make clear, the three-year statute of limitations for *prima facie* tort claims applies *only* to cases "where … the injury alleged is to plaintiff's economic interests."  *Barrett v. Huff*, 6 A.D.3d 1164, 1166, 776 N.Y.S.2d 678, 680 (4th Dep't 2004).

On the other hand, the three year statute of limitations does *not* apply in an editorial context or where the fundamental nature of the claim is an intentional tort.  A plaintiff's *prima facie* tort claim is subject to the one-year statute of limitations set forth in CPLR § 215(3) when "the factual allegations disclose[] that the essence of the cause of action [for prima facie tort] is an intentional tort."  *Havell v. Islam*, 292 A.D.2d 210, 210, 739 N.Y.S.2d 371, 372 (1st Dep't 2002) (applying one-year statute of limitations to bar a *prima facie* tort claim because "[a] claim for damages for an intentional tort, including a tort not specifically listed in CPLR 215(3), is subject to a one-year limitation period").  *See also Kelber v. Forest Elec. Corp.*, 799 F. Supp. 326, 341 (S.D.N.Y. 1992) (applying one-year statute of limitations to a *prima facie* tort claim because "a plaintiff cannot use the prima facie tort … to avoid the shorter statute of limitations applicable to other intentional torts"); *Yong Wen Mo v. Gee Ming Chan*, 17 A.D.3d 356, 358, 792 N.Y.S.2d 589, 591 (2d Dep't 2005) ("cause of action alleging prima facie tort, which alleges that

5

the defendant's intentional and malicious conduct caused the plaintiff to suffer 'extreme personal and emotional hardship' is … subject to the one-year statute of limitations"); *Kartiganer Assocs., P. C. v. Town of Newburgh,* 57 A.D.2d 857, 858, 394 N.Y.S.2d 262, 263 (2d Dep't 1977) (applying a one-year statute of limitations to a *prima facie* tort claim because a "close reading and scrutiny of [the claim] indicate[s] that the gravamen thereof is the alleged injury to plaintiff's … reputation.  As a matter of law, [it] sound[s] in defamation since the … tort is defined in terms of the injury, damage to reputation, and not in terms of the manner in which the injury is accomplished").

  Here, as in *Havell and Kartiganer Assocs.,* the factual allegations that constitute Plaintiff's *prima facie* tort claim clearly disclose that the essence of Plaintiff's claim is an intentional tort that partially sounds in defamation.  Indeed, Plaintiff alleges that the Column is "reasonably susceptible of a *defamatory* connotation" and, by "*publishing*" the Column, Dow Jones "intended to convey and did convey to the community at large the *false impression* that plaintiff was dishonest, disreputable, [and] deceptive …."  Complaint ¶¶ 20-21 (emphasis added).  *See also id.* ¶ 16 (the Column is "defamatory" and "libelous").  Further, Plaintiff alleges that the Column injured his reputation and that he has "been held up to public contempt, ridicule … has been irreparably injured in his good name, and social standing …."  *Id.* ¶ 58.  Plaintiff also states that he "seeks damages for prima facie tort, because defendant *intentionally inflicted harm to plaintiff ...* by publication of the subject article."  *Id.* ¶ 7 (emphasis added).  Accordingly, Plaintiff's *prima facie* tort claim unquestionably sounds in defamation and intentional tort and is time-barred pursuant to the one-year statute of limitations set forth in CPLR § 215(3).

\\\NY - 031767/000001 - 1081903 v3

In this case, Plaintiff filed the Complaint on April 15, 2008 – nearly *three years after* Dow Jones' alleged "wrongful conduct" – the publication of the Column. *Id.* p. 3, ¶ 16. As such, Plaintiff's *prima facie* tort claim is time-barred, and the Complaint should be dismissed in its entirety.

### III.
### THIS COURT SHOULD ALSO DISMISS PLAINTIFF'S *PRIMA FACIE* TORT CLAIM BECAUSE IT FAILS ON THE MERITS

Moreover, even if Plaintiff's claim were not time-barred, which it clearly is, the Complaint should still be dismissed because Plaintiff cannot satisfy the elements for *prima facie* tort. Specifically, Plaintiff cannot show that Dow Jones published the Column with the sole intent to harm Plaintiff and Plaintiff has not adequately plead special damages.

**A.    New York's Substantive *Prima Facie* Tort Law Applies**

As a preliminary matter, this Court should apply New York's substantive *prima facie* tort law. It is clear, for New York federal courts sitting in diversity, "the threshold choice of law issue is whether a conflict of law exists among the competing jurisdictions. If there is no true conflict of laws, the law of the forum jurisdiction (here, New York) will not be displaced." *Guidi v. Inter-Continental Hotels Corp.*, No. 95 Civ 9006, 2003 WL 1907901, at *1 (S.D.N.Y. Apr. 16, 2003). Indeed, in a similar case, the United States District Court for the Northern District of New York held that, under "New York's choice-of-law rules" it should apply New York law to the defendant's counterclaim for *prima facie* tort because the law of defendant's domicile "does not recognize such a claim." *M & I Equip. Fin. Co. v. Lewis County Dairy Corp.*, No. 7:06-CV-54, 2007 WL 128879, at *7 (N.D.N.Y. Jan. 11, 2007) (noting that the *prima facie* tort claim "would fail under" the law of defendant's domicile).

Similarly here, this Court should apply New York's substantive *prima facie* tort law because New Hampshire does not recognize a claim for *prima facie* tort. *See White,* 950 F.

7

Supp. at 42 (dismissing claims for "prima facie tort & intentional tort to cause harm" because those torts do not exist under New Hampshire law). As such, New York's substantive *prima facie* tort law clearly applies here.

Under New York law, to establish a claim for *prima facie* tort, a plaintiff must prove "(1) the intentional infliction of harm; (2) resulting in special damages; (3) without excuse or justification; (4) by an act that would otherwise be lawful." *Twin Labs., Inc. v. Weider Health & Fitness*, 900 F.2d 566, 571 (2d Cir. 1990). Here, Plaintiff's *prima facie* tort claim fails as a matter of law because Dow Jones' alleged conduct was not the product of disinterested malevolence and Plaintiff cannot establish special damages.

**B.    Dow Jones Did Not Publish The Column With The Sole Intent To Harm Plaintiff**

First, Plaintiff's *prima facie* tort claim fails because Dow Jones simply did not publish the Column "without excuse or justification" or as several courts have defined that element: "disinterested malevolence." New York courts have stated that "[t]he touchstone [of *prima facie* tort] is 'disinterested malevolence', meaning that the plaintiff cannot recover unless the defendant's conduct was not only harmful, but done with the *sole intent to harm*.... motives other than disinterested malevolence, such as profit, self-interest, or business advantage will defeat a *prima facie* tort claim." *Twin Labs., Inc.,* 900 F.2d at 571 (emphasis added) (holding that defendants were not liable for *prima facie* tort for their refusal to publish competitors' advertisements because refusal was motivated by self-interest). Indeed, when "an act is a product of mixed motives, some of which are perfectly legitimate then recovery in *prima facie* tort is impossible." *Fabry v. Meridian Vat Reclaim, Inc.,* Nos. 99 Civ. 5149 (NRB), 99 Civ. 5150 (NRB), 2000 WL 1515182, at *2-3 (S.D.N.Y. Oct. 11, 2000) (internal citations and quotations omitted) (dismissing *prima facie* tort claim based on libelous material because, even assuming "one of [defendant's] motives here was to" injure the plaintiff, defendants were also

8

motivated by business advantage). *See also Davis v. City of New York*, No. 00 CIV 4309 (SAS), 2000 WL 1877045, *10 (S.D.N.Y. Dec. 27, 2000) (Scheindlin, J.) (on Fed. R. Civ. P 12(b)(6) motion, dismissing *prima facie* tort claim because the plaintiff "failed to establish that intention to harm him was the sole motive"). Further, when a complaint itself evidences that the "defendants' actions were motivated by … distinct desires" the claim must be dismissed. *Korry v. Int'l Tel. & Tel. Corp.*, 444 F. Supp. 193, 195 (S.D.N.Y. 1978) (on Fed. R. Civ. P 12(b)(6) motion, dismissing *prima facie* tort claim because "Plaintiff alleges that defendants' actions were motivated by four distinct desires" including the intent "to injure him" as well as to protect its own reputation and shield itself from liability).

Here, even assuming that in publishing the Column Dow Jones had an intent to harm Plaintiff – which it certainly did not – it is clear that Dow Jones was also motivated by an intention to inform its readers about the circumstances surrounding the sexual abuse case brought against Father Gordon MacRae. Indeed, Plaintiff *admits* that Rabinowitz wrote the Column (which Plaintiff admits is "*not false*") to truthfully inform her readers about sexual abuse allegations brought against Father MacRae. Complaint ¶¶ 17, 20, 40 (emphasis added). As such, Plaintiff's *prima facie* tort claim fails as a matter of law because, as Plaintiff himself acknowledges, Dow Jones was not *solely* motivated by an intent to harm Plaintiff.

### C.  Plaintiff Has Not Alleged Special Damages

Further, Plaintiff's *prima facie* tort claim also fails as a matter of law because Plaintiff has not adequately pled special damages. Under New York law, a "critical element of the cause of action [for *prima facie* tort] is that plaintiff suffered specific and measurable loss, which requires an allegation of special damages." *Freihofer v. Hearst Corp.*, 65 N.Y.2d 135, 143, 490 N.Y.S.2d 735, 742 (1985). "In pleading special damages, actual losses must be identified and causally related to the alleged tortious act." *Waste Distillation Tech., Inc. v. Blasland & Bouck*

*Eng'rs, P.C.*, 136 A.D.2d 633, 633, 523 N.Y.S.2d 875, 877 (2d Dep't 1988) (dismissing *prima facie* tort claim because plaintiff's actual losses were not identified in the complaint). Indeed, "New York courts are clear that allegations of damages in round figures without any further explanation do not satisfy the requirement that special damages be pled with particularity." *Bradley v. National R.R. Passenger Corp.* (*"Amtrak"*), 797 F. Supp. 286, 295 (S.D.N.Y. 1992). Further, allegations that the plaintiff "suffered 'severe physical and mental anguish which has required medical and psychological treatment'" are too "generalized … [and] cannot serve as pleadings of special damages." *Mullenmeister v. Snap-On Tools Corp.*, 587 F. Supp. 868, 875 (S.D.N.Y. 1984).

Here, Plaintiff merely requests "special damages according to proof at the time of trial," and alleges that he "suffered great mental pain," "suffered from anxiety," and that he "saw a doctor [and] incurred medical bills." Complaint p. 14, ¶¶ 58-62, 65-66. These conclusory allegations of damage are precisely the type of allegations courts routinely find to be too generalized to support a *prima facie* tort claim. Indeed, Plaintiff seeks the round-figure of $7,700,000 in damages as against Dow Jones, which is clearly insufficient to allege special damages. As such, Plaintiff's *prima facie* tort claim also fails as a matter of law because Plaintiff has failed to plead with specificity that he suffered special damages. Accordingly, this Court should dismiss Plaintiff's Complaint in its entirety.

\\\NY - 031767/000001 - 1081903 v3

## **CONCLUSION**

For all of the foregoing reasons, defendant Dow Jones & Company, Inc. respectfully requests that this Court dismiss the Complaint in its entirety, with prejudice, and grant such other and further relief, together with costs, as this Court deems appropriate.

Dated: May 21, 2008

Respectfully submitted,

HOGAN & HARTSON LLP

By: s/ Slade R. Metcalf
Slade R. Metcalf  (SM 8360)
Rachel F. Strom  (RS 9666)
HOGAN & HARTSON LLP
875 Third Avenue
New York, New York 10022
Tel.  (212) 918-3000
Fac.  (212) 918-3100

*Attorneys for Defendant*
*Dow Jones & Company, Inc.*