Slade R. Metcalf (SM 8360)
Rachel F. Strom (RS 9666)
Hogan & Hartson LLP
875 Third Avenue
New York, NY  10022
Telephone: (212) 918-3000

*Attorneys for Defendant*
*Dow Jones & Company, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
BRETT MCKENZIE,                                           :
                                                          :
                          Plaintiff,    :
                                                          :
                                                          :   Case No. 08 CV 3623 (SAS)
     – against –                                     :
                                                          :
DOW JONES & COMPANY, INC.,                                :
                                                          :
                        Defendant.     :
------------------------------------------------------------------------X


**REPLY MEMORANDUM OF LAW OF DOW JONES & COMPANY, INC.**
**IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT**

Defendant Dow Jones & Company, Inc. ("Dow Jones" or "Defendant"), by its undersigned attorneys, respectfully submits this reply memorandum of law in further support of its motion to dismiss the complaint (the "Complaint") of plaintiff Brett McKenzie ("Plaintiff") pursuant to Rule 12(b)(6) of the Fed. R. Civ. P.[1]

### Preliminary Statement

Plaintiff seems to believe that different statutes of limitations apply to the same tort depending on whether the plaintiff's attorney has adequately pled the necessary elements to set forth a cognizable cause of action. There is just simply no judicial (or indeed logical) support for that far-fetched theory. On the contrary, there is broad and conclusive precedent that CPLR § 215(3) applies to all intentional torts brought under New York law. Because Plaintiff's cause of action for *prima facie* tort is undeniably an intentional tort, the New York one-year statute bars his claim. And even if it did not, Plaintiff has failed to adequately plead the proper elements for such a tort.

### ARGUMENT

### I.
### PLAINTIFF'S *PRIMA FACIE* TORT CLAIM IS TIME-BARRED

Despite the arguments in Plaintiff's Memorandum of Law in Opposition to the Motion to Dismiss the Complaint Pursuant to Rule 12(b)(6) (the "Opposition"),[2] Plaintiff's sole cause of action for *prima facie* tort is clearly time-barred.

---

[1] The facts necessary for the determination of this motion are set forth in the declaration of Slade R. Metcalf ("Metcalf Decl."), sworn to the 21st day of May, 2008, and the exhibit annexed thereto, submitted with the Memorandum of Law of Dow Jones & Company, Inc. in Support of Its Motion to Dismiss the Complaint (the "Opening Memorandum"). All defined terms in this memorandum of law have the meanings given to them in the Opening Memorandum.

[2] The Opposition is 27 pages long, which is in violation of the 25-page limit for memoranda of law as set forth in Rule III(G) of the Rules and Procedures of Judge Shira A. Scheindlin.

In the Opposition, Plaintiff essentially argues that all valid *prima facie* tort claims are subject to the three-year statute of limitations for personal injury claims set forth in CPLR § 214(5). Opposition at 10, 14. Plaintiff seems to argue that if a plaintiff improperly pleads a *prima facie* tort, then that inadequate tort is governed by New York's one-year statute of limitations under CPLR § 215(3). *Id.* at 12. This position is sheer nonsense. It cannot be disputed that all intentional torts, such as the claim here for *prima facie* tort, are subject to a one-year statute of limitations.

New York state and federal courts have *uniformly concluded* that the one-year statute of limitations set forth in CPLR § 215(3) applies to *all* intentional torts, "including a tort not specifically listed in CPLR 215(3)."[3] *Havell v. Islam*, 292 A.D.2d 210, 210, 739 N.Y.S.2d 371, 372 (1st Dep't 2002); *see also Bronx Chrysler Plymouth, Inc. v. Chrysler Corp.*, 212 F. Supp. 2d 233, 247 (S.D.N.Y 2002) ("while the Court previously held that the three-year limitations period set forth in CPLR 214 … applied to [the intentional infliction of emotional distress claim] … this conclusion was mistaken. As a claim involving an intentional tort … the one-year limitations period set forth in CPLR 215(3) [applies]"). Significantly, as one New York appellate court observed, "[i]t appears that every appellate court which has considered the New York statutes at issue here has concluded that a claim for damages for an intentional tort is subject to the one year limitations period." *Gallagher v. Directors Guild of America,* 144 A.D.2d 261, 262, 533 N.Y.S.2d 863. 865 (1st Dep't 1998).

---

[3] Pursuant to CPLR § 215(3) "an action to recover damages for assault, battery, false imprisonment, malicious prosecution, libel, slander, false words causing special damages, or a violation of the right of privacy under section fifty-one of the civil rights law" must be commenced within one year. As noted above, however, all intentional torts are subject to the one-year statute of limitations in CPLR § 215(3).

In line with the *Gallagher* case, state and federal courts in New York, including this Court, have concluded that when a plaintiff's *prima facie* tort claim is based on intentional conduct, it is subject to the one-year statute of limitations set forth in CPLR 215(3). *See, e.g., Thomas v. Bergdorf Goodman, Inc.*, 03 Civ. 3066 (SAS), 2004 WL 2979960, at *12 (S.D.N.Y. Dec. 22, 2004) (Scheindlin, J.) ("[a]s with intentional infliction of emotional distress, the statute of limitations for *prima facie* tort is one year");[4] *Mahmud v. Kaufmann*, 454 F. Supp. 2d 150, 163 (S.D.N.Y. 2006) ("An action for *prima facie* tort is governed by the one-year statute of limitations for intentional torts under New York law"); *Yong Wen Mo v. Gee Ming Chan*, 17 A.D.3d 356, 358, 792 N.Y.S.2d 589, 591 (2d Dep't 2005); ("cause of action alleging prima facie tort, which alleges that the defendant's intentional and malicious conduct caused the plaintiff to suffer 'extreme personal and emotional hardship' is … subject to the one-year statute of limitations"); *Della Villa v. Constantino,* 246 A.D.2d 867, 868, 668 N.Y.S.2d 724, 725 (3d Dep't 1998) (plaintiff's prima facie tort claim is "predicated upon allegations of intentional wrongdoing by defendants, which is subject to a one-year Statute of Limitations"). As such, there can be no doubt, when a plaintiff's *prima facie* tort claim is based on a defendant's alleged intentional conduct, it is subject to the one-year statute of limitations set forth in CPLR § 215(3).

The *Gallagher* case is particularly instructive. There, the plaintiff argued that his claim for intentional infliction of emotional distress was governed by the three-year statute of limitations in CPLR § 214(5), and not the one-year statute of limitations set forth in CPLR § 215(3), because "CPLR 215(3) does not specifically mention the tort of intentional infliction of

---

[4] Plaintiff makes no attempt to distinguish the instant action from this Court's holding in *Thomas*. Instead, Plaintiff cites two other *prima facie* tort cases this Court decided that do not so much as mention the applicable statute of limitations for a *prima facie* tort claim. Opposition at 13 n.8. Additionally, as noted in the Opening Memorandum, the cases Plaintiff cites in the Opposition, which apply a three-year statute of limitations to a *prima facie* tort claim, are irrelevant here, as they do not involve intentional torts. *Cf.* Opposition at 11; Opening Memorandum at 5.

emotional distress. … and … all claims for personal injury not expressly covered by CPLR 215(3) are controlled by the three year statute of limitations period contained in section 214(5) of the CPLR." *Id.* at 144 A.D.2d at 262, 533 N.Y.S.2d at 864. The appellate court rejected plaintiff's argument and held that intentional torts, including plaintiff's intentional infliction of emotional distress claim, were governed by CPLR § 215(3). It doing so, the court observed that, under New York law, even when an intentional infliction of emotional distress claim "had been properly pleaded" it was still subject to the one-year statute of limitations set forth in CPLR § 215(3). *Id.* (citing *Weisman v. Weisman*, 108 A.D.2d 853, 485 N.Y.S.2d 570 (2d Dep't 1985)). Similarly here, Plaintiff's argument that his *prima facie* tort claim is subject to a three-year statute of limitations because it was "properly pled" has no merit. Instead, Plaintiff's *intentional prima facie* tort – properly pled or not – is subject to a one-year statute of limitations.

Here, Plaintiff's *prima facie* tort claim is clearly based on Dow Jones' alleged intentional conduct. Not only is the conduct of writing and publishing the Column an intentional act, but Plaintiff has repeatedly stressed that Dow Jones' conduct here was intentional. Notably, throughout the Complaint and the Opposition, Plaintiff asserts that in publishing Plaintiff's name in the Column, Defendants acted "deliberate[ly]" and with the "inten[t] to cause harm" to Plaintiff, which caused Plaintiff "severe mental pain and anguish." Complaint ¶ 51; Opposition at 7-8, 18, 21. As such, Plaintiff's *prima facie* tort is undeniably an intentional tort and subject to the one-year statute of limitations set forth in CPLR § 215(3). Therefore, because Plaintiff brought this action nearly three years after Dow Jones published the Column, this action is time-barred, and this Court should dismiss the Complaint in its entirety.

## II.

## PLAINTIFF'S *PRIMA FACIE* TORT CLAIM ALSO FAILS ON THE MERITS

Even if considered on the merits, Plaintiff's *prima facie* tort claim must be dismissed because he cannot make out the elements for that claim. Specifically, Plaintiff cannot show that Dow Jones published the Column with the sole intent to harm Plaintiff and he has utterly failed to allege special damages.

### A.     Plaintiff Cannot Establish That Dow Jones Acted With Disinterested Malevolence

First, Plaintiff cannot establish that Dow Jones published the Column (or Plaintiff's name in the Column) with the sole intent to harm Plaintiff.[5]  To the contrary, Plaintiff's allegations in the Opposition make it abundantly clear that Dow Jones and Rabinowitz were not concerned (according to Plaintiff) with him at all.

As the Southern District of New York has recognized, "for an action in prima facie tort to succeed, as Justice Holmes noted in first recognizing the tort, a plaintiff must demonstrate that the defendant inflicted harm 'for the sake of the harm as an end in itself, and *not merely as a means to some further end legitimately desired.*'"  *Fabry v. Meridian Vat Reclaim, Inc.*, Nos. 99 Civ. 5149 NRB, 99 Civ. 5150 NRB, 2000 WL 1515182, at *2 (S.D.N.Y. Oct. 11, 2000) (citing *Aikens v. Wisconsin,* 195 U.S. 194, 203, 25 S.Ct. 3, 5 (1904)) (emphasis added).

---

[5] In support of his argument that Dow Jones published the Column with disinterested malevolence, Plaintiff argues that Rabinowitz (1) did not engage in balanced reporting, (2) disregarded journalism ethics, and (3) did not take "basic investigative steps." Opposition at 20. Not only are these allegations completely false, but they are totally irrelevant to the question of whether Dow Jones published the Column or Plaintiff's name in the Column with the *sole intent* to harm Plaintiff. These assertions could only be potentially relevant to a defamation claim, which Plaintiff did not assert. Further, the "Code of Ethics" Plaintiff has introduced as Exhibit E to the Opposition is outside the scope of this motion to dismiss, and it should be disregarded by the Court. *See Michael Aram, Inc. v. Laurey, a Div. of Strategic Brands*, No. 05 Civ. 8380(CSH), 2006 WL 510527, at *2 (S.D.N.Y. Mar. 1, 2006) ("The Court also declines to consider the documents attached as exhibits to the Memorandum in Support of Plaintiff's Opposition to Motion to Dismiss … as it does not appear to the Court that Plaintiff relied on the terms or effect of those documents in drafting the Complaint").

Here, Plaintiff's *own* allegations in the Complaint and Opposition establish that Rabinowitz did not publish Plaintiff's name in the Column with the *sole intent* to harm him. Instead, Rabinowitz simply used Plaintiff's name as a foil – or as Justice Holmes put it a "means" – to further her legitimate goal of expressing her opinion about a court system that allows alleged sexual abuse victims to receive financial settlements anonymously. For example, Plaintiff quotes Rabinowitz as stating that, in drafting and publishing the Column, her primary motive was to shed light on "the problem" of allowing victims of sexual abuse to bring their claims under "the cloak of anonymity." Complaint ¶ 17; Opposition at 19 (citing Rabinowitz's statement to the *New Hampshire Union Leader*). Moreover, in Plaintiff's Exhibit C to the Opposition, Rabinowitz is quoted as saying that she published the Column because she "wanted to *illustrate* one of the driving forces of miscarriages of justice …." Opposition Exhibit C at 3 (emphasis added). Rabinowitz used Plaintiff's name to "illustrate" the problem – as she saw it – of allowing "anonymous accusers to receive financial settlements for allegations of sexual abuse against priests." *Id.* at 1. This is quite different than intending to harm Plaintiff simply for the sake of harming him. Indeed, Plaintiff essentially admits that Plaintiff was never Rabinowitz's focus. He alleges that "Brett McKenzie's life meant absolutely nothing" to Rabinowitz. Opposition at 19-20. Obviously, if Plaintiff did not mean anything to Rabinowitz, she could not have acted solely with the intent to harm Plaintiff. Accordingly, this Court should dismiss Plaintiff's Complaint in its entirety.

### B.   Plaintiff Has Not Alleged Special Damages

Finally, Plaintiff's *prima facie* tort claim also fails because – despite his attempts in the Opposition – Plaintiff has not adequately pled special damages. In the Opposition, Plaintiff has still failed to identify *specific, actual* losses he has suffered as a result of Dow Jones' alleged tortious conduct.

As discussed in the Opening Memorandum, "[i]n pleading special damages, actual losses must be identified and causally related to the alleged tortious act." *Waste Distillation Tech., Inc. v. Blasland & Bouck Eng'rs, P.C.*, 136 A.D.2d 633, 634, 523 N.Y.S.2d 875, 877 (2d Dep't 1988). Further, "allegations of round sums of damages *without any attempt at itemization* are not sufficient to constitute special damages." *D'Andrea v. Rafla-Demetrious*, 3 F. Supp. 2d 239, 252 (E.D.N.Y. 1996) (emphasis added). Here, Plaintiff argues that he has not pled special damages in the "round-figure" of $7,700,000 because that amount "is clearly identified [in the Complaint] as a demand for *exemplary and punitive damages* – not special damages. Special damages are pled elsewhere." Opposition at 24 (emphasis in original). Plaintiff, however, does not state where these special damages are actually stated. Indeed, in the Complaint, Plaintiff merely claims that he "is entitled to a further award of special damages according to proof at the time of trial." Complaint ¶ 68. This assertion is clearly insufficient to plead special damages. *See, e.g., Bear, Stearns Funding, Inc. v. Interface Group-Nevada, Inc*., 361 F. Supp. 2d 283, 306 (S.D.N.Y. 2005) (plaintiff "fails to allege specific damages with sufficient particularity, instead requesting damages 'in an amount to be determined at trial' … This is insufficient to state a cause of action for prima facie tort insofar as it fails to plead special damages"). As such, Plaintiff's allegation that he is entitled to special damages according to proof at the time of trial is insufficient to plead special damages.

Moreover, contrary to Plaintiff's assertion, under New York law, Plaintiff's alleged "psychological injury" does not constitute special damages; this kind of injury could only support a claim for general, compensatory damages. *Cf.* Opposition at 25-26; *Ramos v. City of New York*, No. 96 CIV. 3787(DLC), 1997 WL 410493, at *7 (S.D.N.Y. July 22, 1997) ("plaintiff refers to the psychological impact of the statement, but these … damages … do not constitute

special damages"); *Korry v. Int'l Tel. & Tel. Corp.*, 444 F. Supp. 193, 197 (S.D.N.Y. 1978) (Plaintiff "alleges that the defamations destroyed his livelihood, injured his reputation, and caused him emotional distress, to an undifferentiated total of $2 million in damages.  Of these injuries, only the lost earnings could constitute special damages").  Indeed, Plaintiff's support for his proposition that psychological injury constitutes special damages is no support at all.  Opposition at 24-26.  The two cases Plaintiff cites in the Opposition address negligence claims that *do not require* special damages.  *Tighe v. Ginsberg*, 146 A.D.2d 268, 540 N.Y.S.2d 99 (4th Dep't 1989) (holding that plaintiff could recover for psychological and emotional damages in a *negligence* action); *Johnson v. State*, 37 N.Y.2d 378, 372 N.Y.S.2d 638 (1975) (same).  These cases simply do not stand for the proposition that psychological and emotional damages constitute special damages.  As such, as Plaintiff's own case law makes clear, psychological harm does not constitute special damages.

Further, Plaintiff's inclusion of various medical records cannot support his claim for special damages.  Opposition at Exhibit D.[6]  First, these records do not contain any dollar figures at all to show that Plaintiff had to pay anything for this medical treatment.  There are simply no dollar losses shown.  Second, these records do not show that Plaintiff suffered *any* damages *as a result of* Dow Jones' conduct.  To the contrary, the medical records state that Plaintiff suffers from "on-going depression" stemming from his relationships with his family.  *Id.* at 3, 4, 7, 10,

---

[6] Plaintiff's medical records are not only irrelevant for this motion, because they do not establish that Plaintiff suffered actual damages, but they are also improper for a motion to dismiss because Plaintiff did not rely on these documents in drafting the Complaint. *See Michael Aram,* 2006 WL 510527, at *2 (declining to consider documents attached as exhibits Plaintiff's Opposition "as it does not appear to the Court that Plaintiff relied on the terms or effect of those documents in drafting the Complaint").  Here, Plaintiff alleges in the Complaint that he "incurred medical bills."  Complaint ¶ 13.  However, Plaintiff has not submitted *any* medical bills on this motion.  Instead, Plaintiff has submitted self-serving and selective medical records that are outside the scope of this motion and should be disregarded by this Court.

13. As such, these records not only do not show that Plaintiff suffered any pecuniary losses as a result of the publication of the Column but also do not show any injury to him was a direct result of Dow Jones' conduct.  In sum, Plaintiff has failed to identify *specific, actual* losses he has suffered as a result of Dow Jones' conduct.  Accordingly, this Court should dismiss Plaintiff's Complaint in its entirety because Plaintiff has completely failed to plead special damages.

## CONCLUSION

For all of the foregoing reasons, defendant Dow Jones & Company, Inc. respectfully requests that this Court dismiss the Complaint in its entirety, with prejudice, and grant such other and further relief, together with costs, as this Court deems appropriate.

Dated: June 19, 2008

Respectfully submitted,

HOGAN & HARTSON LLP

By: s/  Slade R. Metcalf
Slade R. Metcalf  (SM 8360)
Rachel F. Strom  (RS 9666)
HOGAN & HARTSON LLP
875 Third Avenue
New York, New York 10022
Tel.  (212) 918-3000
Fac.  (212) 918-3100
*Attorneys for Defendant
Dow Jones & Company, Inc.*

Slade R. Metcalf (SM 8360)
Rachel F. Strom (RS 9666)
Hogan & Hartson LLP
875 Third Avenue
New York, NY 10022
Telephone: (212) 918-3000

*Attorneys for Defendant*
*Dow Jones & Company, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
BRETT MCKENZIE,                                            :
                                                           :
                    Plaintiff,       :
                                                           :   Case No. 08 CV 3623 (SAS)
       – against –                                :
                                                           :
DOW JONES & COMPANY, INC.,                                 :
                                                           :
                    Defendant.       :
------------------------------------------------------------------------X

## CERTIFICATE OF SERVICE

       I, Rachel F. Strom, hereby certify that on June 19, 2008, I caused a true and correct copy of the Reply Memorandum of Law of Dow Jones & Company, Inc. In Further Support of Its Motion To Dismiss The Complaint to be served through the Court's electronic notification system and by Federal Express overnight delivery upon:

    Richard M. Mortner
    40 Broad Street, 5th Floor
    New York, NY 10004
    Tel: (212) 480-2181
    *Attorney for Plaintiff Brett McKenzie*

Dated: June 19, 2008                                        s/ Rachel F. Strom
                                                              RACHEL F. STROM (RS 9666)

\\\NY - 031767/000001 - 1087115 v1